United States District Court
Southern District of Texas
**ENTERED**
October 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR TORRES CASTRO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-799 |
| | § | |
| TODD M. LYONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Julio Cesar Torres Castro filed this habeas action while detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. He contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226 and related regulations[1] and on the Due Process Clause of the Fifth Amendment. Petitioner also alleges that he is a member of the class certified *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), and requests relief based upon his alleged class membership. For the following reasons, the Court concludes that Petitioner is not entitled to relief.

**I.**

Petitioner argues that his continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates his Fifth Amendment due process rights.

Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-

[1] Controlling law in the Fifth Circuit forecloses Petitioner's statutory and regulatory arguments. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time."). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning in these decisions to be persuasive, despite Petitioner's attempt to distinguish them. (*See* Statement, Doc. 4) For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

**II.**

Petitioner also bases a cause of action on *Maldonado Bautista v. Santacruz*, No. 5:25-CV 01873-SSS-BFM (C.D. Cal.). (Pet., Doc. 1, ¶ 91) But that district court limited the reach of its judgment: "The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). And other district courts have concluded that the decision represents persuasive authority rather than binding precedent. *See e.g*., *Rodriguez Mendoza, et al., v. Raycraft, et al.*, No. 4:25CV2183, 2026 WL 507389, at *7 (N.D. Ohio Feb. 24, 2026). For the reasons expressed in those decisions, the Court concludes that Petitioner is not entitled to relief based upon his claim of class membership.

## III.

The Court finds that the Petitioner is not entitled to the relief sought. Accordingly, it is:

**ORDERED** that Petitioner Julio Cesar Torres Castro's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on October 19, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge